IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CURTIS TYRONE JACKSON, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | CIVIL ACTION NO.: 7:09-CV-143(HL) |
| : | |
| VALDOSTA POLICE DEPT., : | |
| ALAN GIRSCH, Det. TRAVIS : | |
| SPARKS, CHARLES HAMRICK, : | |
| JAMES LANE, : | |
| : | **ORDER** |
| Defendants : | |

Plaintiff **CURTIS TYRONE JACKSON**, a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court granted his motion to proceed *in forma pauperis* but ordered that he pay an initial partial filing fee. Plaintiff has paid $13.67 and is responsible for the remainder of the $350.00 filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff complains that on March 19, 2009 he was arrested and "falsely accused of the offense of party to the crime of trafficking in cocaine." Plaintiff states that the grand jury indicted him for "the offense of violation of the Georgia Controlled Substances Act–possession of cocaine with intent to distribute." Plaintiff alleges that defendants Lane, Girsch, Sparks and Hamrick should not have arrested and charged him because no actual

cocaine was found on his person or in the Cadillac in which he was a passenger. Plaintiff complains that he was arrested only on the hearsay of a confidential informant. Moreover, plaintiff complains that another individual who was in the Cadillac at the time of the stop was not charged with any crime.

Plaintiff claims that his reputation in the community has been damaged due to the "written, printed, and pictorial statements" that were made regarding his arrest.

Plaintiff has not yet gone to trial on these charges and remains confined in the Lowndes County Jail.

Along with damages, plaintiff requests to have these charges dismissed. Release from jail or the dismissal of pending charges are not remedies that are available in a 42 U.S.C. § 1983 action. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973).[1]

Additionally, the Court notes that Plaintiff has named the Valdosta Police Department as a defendant. However, the Valdosta Police Department is not a legal entity that is subject to suit in a 42 U.S.C. § 1983 action. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

Although plaintiff complains that his reputation has been damaged, a 42 U.S.C. § 1983 action cannot be predicated upon the theory of either slander or defamation. *Hall v. Neal*, No. 5:04-CV-65-Oc-10GRJ, 2006 U.S. Dist. LEXIS 9525 (M.D. Fla. February 23, 2006); *Foreman v. Jones*, No. 3:05-CV-1134-F, 2005 U.S. Dist. LEXIS 39933 (E. D. Ala. December 20, 2005).

---

[1] Release from prison is a remedy that plaintiff must seek in a habeas corpus action. However, before filing a petition for writ of habeas corpus in the federal court, plaintiff must first exhaust all available remedies with the appropriate state courts.

Finally, there is one last reason for dismissal of plaintiff's action: ***Younger v. Harris***, 401 U.S. 37 (1971). Pursuant to ***Younger***, federal courts must abstain from interfering with ongoing state court criminal proceedings. ***Younger*** precludes involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See **Lee v. City of Rome, Ga.***, 866 F. Supp. 545, 549 (N.D. Ga. 1994). In this present case, plaintiff has a state criminal action pending; the pending action implicates important state interests, and the state action is capable of addressing any and all federal constitutional questions that may exist.

Based on these finding, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 11th day of January, 2010.


*s/   Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE


lnb